**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**District Judge Raymond P. Moore**

Civil Action No. 14-cv-00962-RM

ALEX HOMER LINZY,

      Applicant,

v.

FRANCIS FAULK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

      Applicant, Alex Homer Linzy, is in the custody of the Colorado Department of

Corrections (CDOC) at the Correctional Facility in Limon, Colorado.  He has filed an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1)

challenging the validity of his convictions and sentence imposed in the District Court of

County of Denver, Colorado.  He has paid the $5.00 filing fee.

      On April 14, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file

a pre-answer response addressing the affirmative defenses of timeliness under 28

U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C.

§ 2254(b)(1)(A).  Respondents submitted a Pre-Answer Response on May 23, 2014.

(ECF No. 11).  Applicant filed a Reply (ECF No. 14) on June 30, 2014.

      The Court construes Mr. Linzy's filings liberally because he is not represented by

an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not act as an advocate for

*pro se* litigants.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will

dismiss the Application, in part.

### I.  Background and State Court Proceedings

In February 2006, Mr. Linzy was convicted by a jury of second degree

kidnapping, sexual assault and third degree assault in Denver District Court Case No.

04CR1331.  (ECF No. 11-1, at 3-6, 18).  He was adjudicated a habitual criminal and

sentenced to a 96-year prison term for the kidnapping conviction, a consecutive 48-

years-to-life term for the sexual assault conviction, and a concurrent two-year term for

the assault conviction.  (*Id.* at 16-17).

Mr. Linzy's convictions and sentences were affirmed on direct appeal in *People*

*v. Linzy* (*Linzy I*), No. 06CA0700 (Colo. App. Aug. 28, 2000) (unpublished).  (ECF No. 1,

at 59).  The Colorado Supreme Court denied certiorari review on January 26, 2009.

(ECF No. 11-4).

While Mr. Linzy's direct appeal was pending, he filed his first motion for post-

conviction relief pursuant to Colo. R. Crim. P. 35(c), on December 30, 2005, before his

sentencing.  (ECF No. 1, at 76).  As explained by the Colorado Court of Appeals:

> . . . [D]efense counsel and the court explained to Linzy, and Linzy
> acknowledged he understood, that Crim. P. 35(c) was not applicable until
> after sentencing and the trial court therefore could not rule on Linzy's
> motion until that time.
> . . .
>
> On October 1, 2009, after the direct appeal was decided and the mandate
> issued, Linzy moved the district court for a free copy of the trial transcripts.
> One month later, he asked to amend his original 35(c) motion and
> requested conflict-free counsel to pursue the 35(c) motion.

(*Id.* at 76-77).

In April 2010, the state district court denied Applicant's first post-conviction motion on the merits.  (ECF No. 1, at 69-71).  Applicant's motion for "rehearing" was denied in July 2010.  (*Id.* at 72-74).  The Colorado Court of Appeals affirmed the court's order in *People v. Linzy*, No. 10CA1050 (*Linzy II*) (Colo. App. Sept. 22, 2011) (unpublished).  (*Id.* at 75-90).  The Colorado Supreme Court denied certiorari review on June 25, 2012.  (*Id.* at 91).

Mr. Linzy filed a second motion for state post-conviction relief on April 21, 2012.  (ECF No. 11-1, at 12).  The state district court denied the motion for lack of jurisdiction because the Colorado Court of Appeals had not yet issued the mandate in *Linzy II*.  (ECF No. 1, at 100).   After the mandate issued on August 10, 2012, Mr. Linzy resubmitted his second Colo. Crim. P. Rule 35(c) motion, which was denied as untimely and successive on February 4, 2013.  (*Id.* at 96-98).  The Colorado Court of Appeals affirmed the district court's order in *People v. Linzy* (*Linzy III*), No. 13CA0418 (Colo. App. Feb. 27, 2014) (unpublished).  (*Id.* at 99-107).  Mr. Linzy did not seek certiorari review in the Colorado Supreme Court.

Mr. Linzy filed his first Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on November 12, 2012 in Case No. 12-cv-03063-BNB.  In response to a court order directing Applicant to show cause why the Application should not be dismissed as a mixed petition, Mr. Linzy requested that the entire action be dismissed without prejudice so that he could exhaust state court remedies for all of his claims. Senior Judge Lewis T. Babcock dismissed the application without prejudice on February 21, 2013. (ECF No. 1, at 92-95).

Mr. Linzy filed his second (but not successive) § 2254 application on April 2, 2014, raising twelve claims:

(1) The trial court's *Batson* ruling deprived Applicant of his Fourteenth Amendment due process and equal protection rights (ECF No. 1, at 9-10).

(2) The prosecutor's improper remarks during closing argument deprived Applicant of his Fourteenth Amendment due process and equal protection rights. (*Id.* at 12).

(3) Trial counsel was constitutionally ineffective in failing to: (a) conduct a prompt pretrial investigation; (b) investigate an alibi defense; (c) secure readily available exculpatory phone records; (d) consult a physician regarding the absence of corroborating medical evidence to substantiate the victim's allegations; (e) file a timely motion to suppress test results; (f) challenge the chain of custody of the prosecution's physical evidence; (g) object to the admission of inadmissible evidence at trial and timely request the presence of a laboratory technician to testify at trial; and, (h) in failing to present a proper closing argument.  (*Id.* at 14-27).

(4) Appellate counsel was constitutionally ineffective in failing to communicate with the Applicant.  (*Id.* at 28).

(5) The state appellate courts erred in their determination of the proper standard of review concerning a claim of prosecutorial misconduct. (*Id.* at 30).

(6) The state post-conviction court failed to enter written findings of fact and conclusions of law in denying Applicant's motion for post-conviction relief. (*Id.*).

(7) Trial and appellate counsel rendered constitutionally ineffective assistance by failing to challenge the sufficiency of the evidence supporting the asportation element of the kidnapping conviction.  (*Id.* at 33).

(8)  The trial court denied Applicant a fair trial by allowing the State's forensic expert to testify about DNA test results. (*Id.* at 35).

(9) Trial counsel rendered constitutionally ineffective assistance by failing to object to the testimony of the prosecution's forensic expert.  (*Id.* at 39).

(10) Appellate counsel rendered constitutionally ineffective assistance by failing to assert the issues raised in habeas claims 8 and 9 on direct

appeal, the default of which should be excused under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (*Id.* at 45).

(11) The state district court's failure to appoint counsel in Applicant's first state collateral review proceeding prevented Applicant from raising all of his ineffective-assistance-of counsel (IAC) claims in his initial motion for post-conviction relief. (*Id.* at 49).

(12) the state post-conviction court erred in determining, without an evidentiary hearing, that Applicant's second post-conviction motion was time barred and successive. (*Id.* at 54-55).

In the Pre-Answer Response, Respondents argue that claims 5, 6, and 12 raise issues of state law that fail to invoke the federal habeas jurisdiction of this Court and, therefore, must be dismissed. Respondents further contend that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents also maintain that several claims should be dismissed under the procedural default doctrine. Respondents concede that claims 1 and 2 were properly exhausted in the state courts.

## II. Claims that Raise Issues of State Law

Respondents argue that claims 5, 6 and 12 present issues of state law that are not cognizable on federal habeas review. In claim 5, Applicant challenges the standard of review applied by the state appellate courts in addressing his prosecutorial misconduct claim on direct appeal. In claims 6 and 12, Applicant challenges the procedures used by the state district court in resolving his post-conviction motions.

Federal habeas review is limited to claims that a state prisoner's custody violates the United States Constitution or other federal law. 28 U.S.C. § 2254(a). The statute does not provide a remedy for errors of state law. *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) (per curiam); *see also Estelle v. Mcguire*, 502 U.S. 62, 67 (1991) (habeas corpus does not lie to correct errors of state law). Furthermore, alleged errors

in the State's post-conviction remedy are not grounds for § 2254 review. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (recognizing that the Constitution does not require the states to grant post-conviction review).

The Court finds that claims 5, 6 and 12 present state law issues that do not invoke the federal habeas jurisdiction of this Court. Accordingly, claims 5, 6 and 12 will be dismissed.

The Court also finds that claim 11 fails to present a federal constitutional issue. Instead, the allegations in claim 11 address whether Mr. Linzy had cause for his procedural default of his IAC claims in the second state post-conviction proceeding. Accordingly, the Court does not construe claim 11 as a separate claim for relief.

## III. AEDPA Time Bar

Respondents next maintain that the Application is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Linzy's convictions became final on April 27, 2009, ninety days after the Colorado Supreme Court denied certiorari review on January 26, 2009.[1] *See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000) ("[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run whether the time for filing a certiorari petition expired); *see also* Sup. Ct. R. 13.3 (a petition for writ of certiorari to review a judgment must be filed within ninety days after entry of judgment).  As such, the one-year limitation period commenced on April 28, 2009 and expired on April 28, 2010, absent statutory or equitable tolling.  *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitation period commences the day after expiration of the time for seeking review).

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its

---

[1] Because the 90th day was Sunday, April 26, 2009, the period for seeking certiorari review in the United States Supreme Court ended on Monday, April 27, 2009.  *See* Fed. R. Civ. P. 6(a)(1)(C).

delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Respondents argue that the December 2005 filing of Mr. Linzy's first state post-conviction motion did not toll the limitations period because Colorado law requires that motions pursuant to Colo. Crim. P. 35(c) be filed after a judgment of conviction is entered.  *See Kazadi v. People*, 291 P.3d 16, 22 (Colo. 2012) ("Crim. P. 35(c)(3) requires that the trial court must have sentenced the defendant and must have entered a "judgment of conviction" before a defendant can challenge the conviction"); *People v. Manzanares*, 85 P.3d 604, 611 (Colo. App. 2003) (Crim. P. 35 review is not available until a judgment of conviction is entered) (internal citation omitted).  Even if Respondents are correct that Mr. Linzy's first state post-conviction motion was not properly filed in December 2005 because the filing did not comply with state procedural requirements, Mr. Linzy thereafter amended his motion on November 3, 2009 (*see* ECF

No. 11-1, at 13), and the trial court denied the amended motion on the merits (ECF No. 1, at 69-74).  The Court thus finds that Mr. Linzy is entitled to statutory tolling no later than November 3, 2009.  The one-year period thus ran for 190 days from April 27, 2009, the day after Applicant's conviction became final, to November 3, 2009, when his first state post-conviction motion was properly filed.  The limitation period was tolled from November 3, 2009 until June 25, 2012, when the Colorado Supreme Court denied certiorari review of the Colorado Court of Appeals' decision in *Linzy II*.

The limitation period began to run on June 26, 2012, and ran unabated until it expired on June 26, 2013.  Applicant second motion for state post-conviction relief, filed on April 12, 2012 (ECF No. 11-1, at 11), did not toll the limitation period because he filed the motion while his appeal in *Linzy II* was pending.  The state district court dismissed the motion without prejudice for lack of jurisdiction (ECF No. 1, at 100-01). *See Artuz,* 531 U.S. at 9 ("If, . . ., an application is erroneously accepted by the clerk of a court lacking jurisdiction, . . .  it will be pending, but not properly filed.");  *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir.2004) (postconviction motion not properly filed where state court lacked jurisdiction over it because of applicant's pending appeal).

After the mandate issued in *Linzy II*, Applicant's refiling of his second Rule 35(c) motion on August 20, 2012 did not toll the limitation period because the motion was untimely, and, therefore, was not properly filed. "When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)." *Pace v Diguglielmo*, 544 U.S. 408, 414 (2005); *see also Artuz*, 531 U.S. at 8 (holding that time limits on post-conviction petitions are "condition[s] to filing, such that an

untimely petition would not be deemed 'properly filed.'"); *see also Carey v. Saffold*, 536 U.S. 214 (2002) (an untimely state post-conviction does not toll the limitation period even where the state district court denied the motion as both untimely and on the merits); *Jenner v. Faulk*, No. 13-1134, 516 F. App'x 691 (10th Cir. June 11, 2013) (unpublished) ("[I]t is long settled that an untimely state post-conviction petition generally is not considered "properly filed" within the meaning of § 2244(d)(2) and thus does not toll the one-year federal limitations period.").  Accordingly, the § 2254 Application appears to be untimely under 28 U.S.C. § 2244(d).

The Court declines at this time, however, to dismiss the § 2254 Application as time-barred.  As stated previously, Applicant filed his initial federal application in Case No. 12-cv-03063-LTB on November 20, 2012.  Magistrate Judge Boland thereafter ordered Respondents to file a pre-answer response addressing the potential defenses of timeliness and exhaustion of state court remedies. Respondents filed a Pre-Answer Response on February 4, 2013.  (Case No. 12-cv-03063-LTB, at ECF No. 16).  In the Pre-Answer Response, Respondents argued that the application was a mixed petition, containing both exhausted and unexhausted claims.  Respondents further represented that the limitation period *was tolled* on August 20, 2012, when Applicant refiled his second state post-conviction motion on August 20, 2012.  (*Id.* at 6).  Respondents conceded that the Application appeared to be timely because the August 2012 state post-conviction motion was still pending at the time Mr. Linzy filed his federal application, and, that according to Respondents' calculations, 120 days remained on the AEDPA time clock.  (*Id.* at 7).

Further, in the Response to Motion for Stay and Abeyance (*id.*, ECF No. 17), filed on February 4, 2013, Respondents objected to Mr. Linzy's request to stay the § 2254 application pending his exhaustion of state court remedies for all of his claims. Respondents stated: "[S]tay and abeyance is inappropriate because the AEDPA limitation period has not expired. This means that dismissal for failure to exhaust state remedies will *not* 'foreclose federal review of a meritorious claim because of the lapse of AEDPA's one-year limitation period.'" (*Id.* at 2 (emphasis in the original), quoting *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006)).

The state district court denied Applicant's second state post-conviction motion as untimely on February 4, 2013, the same day that Respondents filed their Pre-Answer Response and Response to Motion for Stay and Abeyance in Case No. 12-cv-03063-LTB. Respondents did not thereafter amend their filings to apprise the Court of the state court's ruling, which effectively deprives Applicant of the tolling provision in 28 U.S.C. § 2244(d)(2). On February 8, 2014, Magistrate Judge Boland denied Mr. Linzy's request for a stay, based on the Respondents' representation that 120 days remained on the one-year limitation period, and ordered Mr. Linzy to show cause why the Application should not be dismissed as a mixed petition. (*Id.*, ECF No. 18). Magistrate Judge Boland advised Mr. Linzy that he could either proceed only with his exhausted claims or dismiss the entire application without prejudice so that he could exhaust state remedies for all of his claims and then return to federal court in a timely manner. (*Id.*). Mr. Linzy responded that he wished to dismiss No. 12-cv-03063-LTB without prejudice so that he could exhaust all of his claims. (*Id.*, ECF No. 19). The Court thereafter dismissed the case without prejudice on February 21, 2013. (*Id.*, ECF No. 20).

11

Under the circumstances, the Court will reserve ruling on the timeliness of the Application, pending receipt of Respondents' Answer addressing the merits of Applicant's properly exhausted claims.

## IV. Exhaustion and Procedural Default

Respondents concede that Mr. Linzy exhausted state remedies for claims 1 and 2. (ECF No. 11, at 29). Respondents contend, however, that the remainder of Applicant's claims are barred from federal habeas review based on the doctrines of procedural default and anticipatory procedural default. (*Id.* at 16-22).

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

12

federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

## A.  Claim 3

In claim three, Mr. Linzy asserts IAC claims based on trial counsel's failure to: a) conduct a prompt pretrial investigation; (b) investigate an alibi defense; (c) secure readily available exculpatory phone records; (d) consult a physician regarding the

13

absence of corroborating medical evidence to substantiate the victim's allegations; (e) file a timely motion to suppress test results; (f) challenge the chain of custody of the prosecution's physical evidence; (g) object to the admission of inadmissible evidence at trial and timely request the presence of a laboratory technician to testify at trial; and, (h) failure to present a proper closing argument.  (ECF No. 1, at 14-27).

Respondents argue that Applicant procedurally defaulted all of the sub-claims included in claim three in the state appellate courts.

Mr. Linzy did not present any factual allegations to support his IAC sub-claims in his opening brief in *Linzy II*.  (ECF No. 11-5).  Instead, he raised arguments challenging the state post-conviction court's procedure.  (*Id.*).  In his reply brief, Applicant made factual allegations in support of his sub-claims.  (*See* ECF No. 11-6).  Although issues raised for the first time in a reply brief are not properly presented to the Colorado Court of Appeals, *see People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990), the state appellate court nonetheless addressed the merits of sub-claims 3(a) and 3(b).  The state appellate court did not address the issues raised in sub-claims 3(c) - 3(h).

### 1.  procedural default of sub-claims 3(a) and 3(b)

Respondents argue that sub-claims 3(a) and 3(b) are procedurally barred because although the Colorado Court of Appeals addressed the merits of the claims in *Linzy II*, Applicant failed to raise the allegations in his petition for certiorari review before the Colorado Supreme Court. (*See* ECF No. 11-7).

A federal habeas claim must first be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845.  However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule

providing that a given procedure is not available," *id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.

Four circuit courts of appeal have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Absent Tenth Circuit authority specifically holding otherwise, the Court agrees with the reasoning of the other circuit courts and finds that, pursuant to Colo. App. R. 51.1, review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by,

the Colorado Court of Appeals.  *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011).

Sub-claims 3(a) and 3(b) are exhausted because the claims were addressed and denied by the Colorado Court of Appeals in *Linzy II*.  The Court therefore rejects Respondents' failure to exhaust defense with respect to sub-claims 3(a) and 3(b).

### 2.  procedural default of sub-claims 3(c) - 3(h)

Respondents argue that sub-claims 3(c) - 3(h) are barred by the doctrine of anticipatory procedural default because if Mr. Linzy attempted to fairly present sub-claims 3(c) - 3(h) to the state courts at this time in a third post-conviction motion, the motion would be denied as successive and untimely (as was his second state post-conviction motion).

Colorado imposes a three-year limitation period for post conviction claims challenging non-class 1 felonies. *See* COLO.REV.STAT. § 16-5-402 (2013).  In addition, the Colorado Rules of Criminal Procedure provide that in deciding a motion for postconviction relief, "[t]he court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." *See* Colo. R. Crim. P. 35(c)(3)(VII) (stating that the court shall deny any claim that could have been raised in a prior appeal or post-conviction proceeding); *see also People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second

16

application containing such grounds being summarily denied.") (internal quotation marks omitted). Colo. R. Crim. P. 35(c)(3)(VII) is an adequate state procedural ground for rejecting a claim. *See Burton v. Zavaras*, No. 09-1094, 340 F. App'x 454-55 (10th Cir. Aug. 4, 2009) (unpublished) (applying Colorado's bar against successive claims); *Williams v. Broaddus*, No. 08-1254, 331 F. App'x 560, 563 (10th Cir. May 20, 2009) (unpublished).

Because Mr. Linzy is procedurally barred from raising the allegations of sub-claims 3(c) - 3(h) in the state courts at this time, he must meet the cause and prejudice standard or fundamental miscarriage of justice exception to excuse his procedural default. *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

Mr. Linzy argues, in claim 11, that his procedural default of the IAC claims should be excused because the state post-conviction court refused to appoint him counsel in his first post-conviction proceeding.

In *Martinez v. Ryan*, ___ U.S. ___ , 132 S.Ct. 1309 (2012), the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. The petitioner must also show that the underlying ineffective assistance of counsel claim is "substantial"— i.e., has "some merit." *Id*. at 1318. The holding in *Martinez* recognized an exception to the Supreme Court's general statements in *Coleman* that absent a constitutional right to counsel in a state collateral proceeding, an attorney's errors in the proceeding do not establish cause for a federal habeas

17

petitioner's procedural default.[2] *Coleman*, 501 U.S. at 753–55; *see also Martinez*, 132 S.Ct. at 1315.

The rule of *Martinez* applies only when "the State barred the defendant from raising the claims on direct appeal," so that post-conviction proceedings are the petitioner's first opportunity to present the claim. *Martinez*, 132 S.Ct. at 1320; *see also Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911, 1915 (2013) (extending rule in *Martinez* to circumstances in which state law does not require claims of ineffective assistance of trial counsel to be brought in collateral proceedings, but "make [s] it virtually impossible for an ineffective assistance claim to be presented on direct review" (quotation omitted)).

The Colorado Supreme Court "has expressed a preference for having ineffective assistance of counsel claims brought in Crim. P. 35(c) proceedings." *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994) (internal citations omitted); *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003) ("In light of the considerations potentially involved in determining ineffective assistance, defendants have regularly been discouraged from attempting to litigate their counsels' effectiveness on direct appeal.")). "Review of a claim of ineffective assistance of trial counsel that is raised on direct appeal is limited to the existing record." *Downey v. People*, 25 P.3d 1200, 1202 n.3 (Colo. 2001) (citing *People v. Blehm*, 983 P.2d 779, 792-93 (Colo. 1999); *see also People v. Apodaca*, 998 P.2d 25, 29 (Colo. App.1999) (citing *Thomas*); *People v. Price,* 240 P.3d 557, 565 (Colo. App. 2010) ("Only 'in rare instances' are ineffective assistance of counsel claims presented so that they

---

[2]*Coleman* left open the issue of "whether a prisoner has a right to effective assistance of counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Martinez*, 132 S.Ct. at 1315 (citing *Coleman*, 501 U.S. at 755).

'need no further [factual] development prior to review on direct appeal.'") (quoting *People v. Kelling*, 151 P.3d 650, 655 (Colo. App. 2006)).

Respondents assume the potential applicability of *Martinez* (ECF No. 11, at 23), but argue that *Martinez* does not assist Applicant here because none of the procedurally defaulted IAC claims are substantial. (ECF No. 11, at 24-26). The Court is reluctant to determine at this time, without the benefit of the state court record of Applicant's criminal proceeding, whether the procedurally defaulted IAC issues raised in claims 3(c) - 3(h), are "substantial." Accordingly, the Court will defer ruling on whether Mr. Linzy has demonstrated cause for his procedural default, pursuant to *Martinez v. Ryan*, pending the Court's receipt of the state court record.

## B. Claim 4

In claim 4, Mr. Linzy asserts that appellate counsel was constitutionally ineffective in failing to communicate with the Applicant. (ECF No. 1, at 28). The Colorado Court of Appeals denied this claim on the merits in *Linzy II*. (*Id.*, at 88-89). Respondents argue, however, that claim 4 is not exhausted, and is now procedurally barred, because Applicant did not raise the claim in his petition for certiorari review to the Colorado Supreme Court. (*See* ECF No. 11-7). For the reasons discussed in Section IV.A.1, the Court rejects Respondents' exhaustion and procedural default defenses as to claim 4.

## C. Claim 7

In claim 7, Mr. Linzy argues that trial and appellate counsel rendered constitutionally ineffective assistance by failing to challenge the sufficiency of the evidence supporting the asportation element of the kidnapping conviction. (ECF No. 1, at 33).

Mr. Linzy did not present the factual basis of this claim in his opening brief to the Colorado Court of Appeals in *Linzy II*.  (*See* ECF No. 11-5).  Instead he raised the issue in his reply brief.  (ECF No. 11-6, at 15-16).  As discussed previously, the state appellate court is not required to address issues raised for the first time in a reply brief.  *See Czemerynski*, 786 P.2d at 1107.  Nonetheless, the state appellate court addressed the merits of Applicant's IAC claim with regard to appellate counsel.  (ECF No. 1, at 87-88).  As such, the Court finds that the ineffective assistance of appellate counsel issue raised in claim 7 is exhausted, notwithstanding Applicant's failure to raise the issue in his petition for certiorari review to the Colorado Supreme Court.  *See discussion* Section IV.A.1, *supra*.

However, the IAC claim with regard to trial counsel is not exhausted because Applicant raised the issue for the first time in a reply brief and the Colorado Court of Appeals declined to address it.  Mr. Linzy is not entitled to have this Court review the merits of his defaulted claim unless he meets the cause and prejudice standard or demonstrates that he is actually innocent of the crime.  *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.  Mr. Linzy asserts that the trial court's refusal to appoint counsel to represent him in his first state post-conviction proceeding excuses his procedural default.

Again, Mr. Linzy may not avail himself of the holding in *Martinez* unless his IAC claim is substantial.  The Court will defer ruling on whether *Martinez* applies to excuse his procedural default of part of claim 7 (ineffective assistance of trial counsel), pending the Court's receipt of the state court record of Mr. Linzy's criminal proceeding.

**D.  Claims 8 and 9**

In claim 8, Mr. Linzy contends that he was denied a fair trial when the

trial court allowed the State's forensic expert to testify about DNA test results.  (ECF No.

1, at 35).  In claim 9, he asserts an IAC claim based on trial counsel's failure to object to

the testimony of the prosecution's forensic expert.  (*Id.* at 39).

Mr. Linzy presented the substance of claims 8 and 9 to the state trial and

appellate courts in his second state post-conviction proceeding.  However, the state

courts determined that the claims were time-barred and successive.  (ECF No. 1, at 96-

98; 101-103).  The state courts' rulings constitute independent and adequate state

grounds for disposing of the claims. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir.

1995) (Colorado's statute of limitation is an adequate ground for denying a claim);

*Burton*, 340 F. App'x at 545-55 (Colo. R. Crim. P. 35(c)(3)(VII) is an adequate state

ground for rejection of post-conviction claims); *Williams*, 331 F. App'x at 563 (same).

Applicant asserts (as the basis of claim 10) that the ineffective assistance of

appellate counsel excuses his procedural default because appellate counsel should have

raised claims 8 and 9 on direct appeal.

Appellate counsel's failure to raise a meritorious issue on direct appeal may

constitute cause to excuse a procedural default.  *See Edwards v. Carpenter,* 529 U.S.

446, 451 (2000); *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006).  However, the

claim that appellate counsel was constitutionally ineffective must itself be exhausted in

the state courts.  *Edwards*, 529 U.S. at 453.  Mr. Linzy did not exhaust a claim of

ineffective assistance of appellate counsel in the state courts concerning the allegations

raised in claim 8 and, therefore, he has procedurally defaulted that claim.  Further, Mr.

Linzy does not argue, or make a colorable showing of actual innocence.

And, *Martinez* does not excuse his procedural default of the allegations in claim 8

because claim 8 challenges a ruling by the trial court and does not assert the ineffective

assistance of counsel.  *See Martinez*, 132 S.Ct. at 1320.  Claim 8 will be dismissed as

procedurally barred.

With regard to claim 9, *Martinez* applies only if the allegations are meritorious.

The Court will defer ruling on whether *Martinez* applies to excuse Mr. Linzy's procedural

default, pending the Court's receipt of the state court record of the underlying criminal

proceeding.

### E.  Claim 10

In claim 10, Mr. Linzy asserts an IAC claim based on appellate counsel's failure to

assert federal habeas claims eight and nine on direct appeal.  Mr. Linzy concedes that

this claim is procedurally defaulted, but he argues that his default should be excused

under *Martinez.*  However, the Tenth Circuit has declined to extend *Martinez* to a claim

of ineffective assistance of appellate counsel.  *See Banks v. Workman*, 692 F.3d 1133,

1148 (10th Cir. 2012).  "Without the benefit of *Martinez*, *Coleman* tells us that the failure

of [Applicant's] post-conviction counsel to present his claim cannot serve a cause for the

default."  *Id.*

Mr. Linzy has not demonstrated any other external cause for his procedural

default or that the default should be excused under the fundamental miscarriage of

justice exception.  Accordingly, claim 10 will be dismissed.

### V.  Orders

For the reasons discussed above, it is

ORDERED that claims 5, 6, and 12 of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), filed pro se by Alex Homer Linzy, Albert B. Hill, are DISMISSED WITHOUT PREJUDICE because the claims fail to raise federal issues cognizable on federal habeas review.  The Court does not construe claim 11 as a distinct claim for relief.  It is

FURTHER ORDERED 8 and 10 are DISMISSED WITH PREJUDICE as procedurally defaulted.  The Court defers ruling on the applicability of a procedural bar to claims 3(c) - 3(h), 7 (ineffective assistance of trial counsel) and 9, pending the Court's review of the state court record.  It is

FURTHER ORDERED that Respondents shall file an Answer to claims 1, 2, 3(a), 3(b), 4, and 7 (ineffective assistance of appellate counsel) of the Application **within thirty (30) days** of this Order.  In the Answer, Respondents may include additional argument concerning the merits of claims 3(c) - 3(h), and 7 (ineffective assistance of trial counsel). It is

FURTHER ORDERED that Applicant may file a Reply **within thirty (30) days** after Respondents file an Answer.

DATED at Denver, Colorado, this 16th day of July, 2014.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge