**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Raymond P. Moore**

Civil Action No. 14-cv-00962-RM

ALEX HOMER LINZY,

    Applicant,

v.

FRANCIS FAULK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON PENDING MOTIONS

Applicant, Alex Homer Linzy, a Colorado prisoner, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions and sentence imposed in the District Court of County of Denver, Colorado. On July 16, 2014, I entered an Order to Dismiss in Part and for Answer. (ECF No. 21). The Respondents' Answer to Applicant's remaining claims is due on or before August 16, 2014. On August 4, 2014, Applicant filed several motions, which I address below.

Applicant has filed a Motion for Copy of State Record without Cost Pursuant to 28 U.S.C. § 2250 (ECF No. 25), which Respondents oppose on the ground that the Rules Governing Section 2254 Cases do not contemplate that a copy of the state court record be provided to a habeas petitioner. (ECF No. 27). Respondents further argue that Applicant has not shown good cause for his request at this stage of the proceedings. (*Id.*).

In support of his motion, Applicant relies on 28 U.S.C. § 2250 which provides that "[i]f on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending " (emphasis added).

The Tenth Circuit has implicitly limited the scope of the statute by requiring that the petitioner first make a specific showing of need. *See Hines v. Baker*, 422 F.2d 1002, 1006 at n. 9 (10th Cir. 1970) (collecting cases); *see also Humphreys v. United States Parole Comm'n*, 977 F.2d 595, 1991 WL 423974, at *5 (10th Cir. Oct. 13, 1991) (unpublished decision) (affirming the district court's denial of § 2241 petitioner's motion seeking copies of records because the motion failed to include "a showing of need for copies of the documents").  Further, an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *Hines*, 422 F.2d at 1006-07, which distinguished *Wade v. Wilson*, 396 U.S. 282 (1970), in which Supreme Court expressly declined to define the parameters of a § 2254 petitioner's right to a free transcript).

I find that Applicant's motion for a free copy of the state court record is unduly broad and premature at this time. Applicant may renew his motion after Respondents have filed their Answer if he can demonstrate that specific portions of the record are necessary to establish that he is entitled to federal habeas relief under the high hurdles imposed by the AEDPA, 28 U.S.C. at § 2254(d) and (e).

Accordingly, it is

ORDERED that the Motion for Copy of State Record without Cost Pursuant to 28 U.S.C. § 2250 (ECF No. 25) is DENIED without prejudice as premature. It is

FURTHER ORDERED that the "Pro-Se Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" (ECF No. 22) is DENIED as moot because Applicant paid the $5.00 filing fee. (*See* ECF No. 4). It is

FURTHER ORDERED that the Motion for Evidentiary Hearing (ECF No. 23) is DENIED as premature. The Court will determine whether an evidentiary hearing is warranted after reviewing the Respondents' Answer, any Reply filed by Applicant, and the state court record. It is

FURTHER ORDERED that the Motion to Correct Oversight or Clerical Error Pursuant to FRCP 60(a) (ECF No. 24) is GRANTED as follows: The Order to Dismiss in Part and For Answer (ECF No. 21) is corrected at p. 23. lines 3 and 4, to delete the inadvertent reference to "Albert B. Hill."

DATED at Denver, Colorado, this August 5, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge