**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00962-RM

ALEX HOMER LINZY,

      Applicant,

v.

FRANCIS FAULT, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

This matter is before the Court on the "Motion For New Trial Pursuant to FRCP 59(a)(2), and to Alter or Amend a Judgment Pursuant to FRCP 59(e)," filed by Mr. Linzy, *pro se,* on November 17, 2014.  (ECF No. 38).  Also pending is Applicant's Motion for Leave to Expand the Record Pursuant to Habeas Rule 7(a)" (ECF No. 39).  The Court must construe the documents liberally because Mr. Linzy is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion for a new trial and to alter or amend the judgment will be construed as a motion for reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or

amend the judgment must be filed within 28 days after the judgment is entered.  *See* Fed. R. Civ.

P. 59(e).  A motion to reconsider filed more than 28 days after the final judgment in an action

should be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a

motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within

the limit set forth under Rule 59(e)).  Mr. Linzy's motion to reconsider was filed 28 days after a

final judgment dismissing this action was entered on October 21, 2014.  Therefore, the motion

will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e).

## I.  Procedural Background

Mr. Linzy's § 2254 Application asserted 12 claims for relief.  In a July 16, 2014 Order,

the Court dismissed claims 5, 6 and 12 without prejudice because the claims failed to present

federal issues cognizable on federal habeas review.  (ECF No. 21, at 23).  The Court declined to

construe claim 11 as a distinct claim for relief.  (*Id.*).  Claims 8 and 10 were dismissed with

prejudice as procedurally defaulted.  (*Id.*).  The Court ordered Respondents to answer the

properly exhausted claims, and to address the applicability of *Martinez v. Ryan*, ___ U.S. ___, 132

S.Ct. 1309 (2012), to the procedurally defaulted ineffective assistance of trial counsel claims,

within thirty (30) days of the July 16, 2014 Order.  (*Id.* at 21-22).  Respondents filed an Amended

Answer on August 14, 2014 (ECF No. 31), and Applicant filed his Reply on September 16, 2014.

(ECF No. 34).  On October 21, 2014, the Court entered an Order denying the § 2254 Application

and dismissing the action with prejudice.  (ECF No. 36).  Judgment was entered the same day.

(ECF No. 37).

## II.  Standard of Review

A motion to reconsider may be granted when the court has misapprehended the facts, a

party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds for reconsideration under Fed. R. Civ. P. 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Brumark Corp.v. Samson Resources Corp*., 57 F.3d 941, 948 (10th Cir. 1995)). A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Servants of Paraclete*, 204 F.3d at 1012.

## III. Analysis

In his motion for reconsideration, Mr. Linzy rehashes the same arguments, albeit with additional supporting allegations, as those raised in the § 2254 Application and Reply brief, which were considered and rejected by the Court in the October 21, 2014 dismissal order. The Court will not revisit those allegations here. Further, none of Mr. Linzy's additional allegations or proffered "evidence" demonstrate that he is entitled to federal habeas relief. And, Mr. Linzy is reminded that for those claims analyzed under the deferential AEDPA standard of review, the federal habeas court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1398 (2011). This means that "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.* at 1400.

Mr. Linzy also contends that the Court misapprehended the allegations of claim 9 because the claim "raised a completely different set of factual allegations than what were raised in his prior claims and should have been the subject of its own findings of fact and conclusions as to its merits." (ECF No. 38, at 6). In claim 9, Applicant maintained that trial counsel rendered

3

ineffective assistance by failing to raise a lack-of-foundation objection to the prosecution expert's

testimony about the rape kit test results.  (ECF No. 1, at 39-40). The Court concluded in the

dismissal order that claim 9 was not "substantial" under *Martinez* for the same reasons the Court

rejected sub-claims 3(e), (f) and (g).[1]  (ECF No. 36, at 28).

Claims 3(e), 3(f), 3(g) and 9 were all premised on trial counsel's failure to challenge the

admission of the State expert's testimony that a DNA sample extracted from the semen found on

vaginal swabs of the victim collected during a rape kit examination matched the control DNA

sample taken from the Applicant.  The Court concluded that the issues raised in claim three

lacked merit because, under *People v. Valencia*, 257 P.3d 1203, 1206 (Colo. App. 2011),

evidence of the rape kit test results was properly admitted through the testimony of the

prosecution's DNA analysis expert.  For purposes of claim 9, the foundation for admission of the

State expert's testimony concerning the DNA analysis was established by the following

stipulation of the parties:

> Jeanne Kilmer, a forensic scientist with the Denver Police Department Crime Lab,
> tested the vaginal swabs collected from Ms. Payne during the sexual assault exam
> conducted on March 4, 2004, by the medical personnel at the Denver Health
> Medical Center.  Ms. Kilmer's testing revealed the presence of semen on the
> swabs used on Ms. Payne's vaginal area.[2]

*See People v. Valencia*, 257 P.3d 1203, 1206 (Colo. App. 2011) (stating that before expert

testimony as to the results of the testing of an object may be received, some proof must be

---

[1]In claim 3, Applicant asserted trial counsel should have: (e) filed a timely motion to suppress test results on the ground that the chain-of-custody failed to establish that the semen sample that matched the Applicant's DNA was removed from the victim; (f) challenged the chain of custody of the prosecution's physical evidence, and, (g) objected to the admission of inadmissible evidence at trial and to call the laboratory technician to testify at trial about the rape kit test results. (ECF No. 1, at 22-26).

[2]*See* State Court R., 11/30/05 Trial Tr, at 221.

4

presented of a connection between the object tested and the defendant, the victim, or the crime.).

To the extent Applicant argues that counsel was ineffective in stipulating to foundation, his claim

founders on the prejudice prong of the *Strickland* inquiry because he fails to point to any

evidence to show that the semen sample tested was not obtained from the vaginal swabs

collected from the victim.

Upon consideration of the motion and the entire file, the Court finds that Mr. Linzy has

not demonstrated some reason why the Court should reconsider and vacate the order to dismiss

this action.  The Fed. R. Civ. P. 59(e) motion does not alter the Court's conclusion that this

action properly was dismissed.  Accordingly, it is

ORDERED that the "Motion For New Trial Pursuant to FRCP 59(a)(2), and to Alter or

Amend a Judgment Pursuant to FRCP 59(e)," filed *pro se* by Applicant Alex Homer Linzy, on

November 17, 2014 (ECF No. 38), which the Court has treated as a motion for reconsideration

pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is DENIED.  It is

FURTHER ORDERED that Applicant's Motion for Leave to Expand the Record

Pursuant to Habeas Rule 7(a)" (ECF No. 39) is DENIED.

DATED November 19, 2014, at Denver, Colorado.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge